UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Melissa Veale,

*Plaintiff*,

vs.

40-18 Bell Blvd. Realty Corp. and Trackside Corp.,

*Defendants*.

**COMPLAINT**

Plaintiff, MELISSA VEALE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 40-18 BELL BLVD. REALTY CORP. and TRACKSIDE CORP. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bar located at 213-11 41st Avenue, Bayside, Queens, NY 11361 doing business as "TIPSY TEQUILA AND TACO BAR" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**4.** Plaintiff, MELISSA VEALE, is over the age of 18, *sui juris*, and a resident of Bronx County, New York. Plaintiff has suffered from paraplegia since 1996, and as a result is bound to ambulate in a wheelchair. As such, Plaintiff is a qualified individual under the ADA.

**5.** Defendant, 40-18 BELL BLVD. REALTY CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 40-18 BELL BLVD. REALTY CORP., is the owner of the Subject Premises.

**6.** Defendant, TRACKSIDE CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the restaurant/bar known as "TIPSY TEQUILA AND TACO BAR" located at the Subject Premises.

**7.** Pursuant to New York Department of State Division of Corporations records, Defendant, TRACKSIDE CORP., filed the Assumed Name "TIPSY TEQUILA AND TACO BAR" on June 5, 2025.

**8.** Records maintained by the New York State Liquor Authority indicate that Defendant, TRACKSIDE CORP, doing business as "TIPSY TEQUILA AND TACO BAR" was approved for a liquor license on January 28, 2026 for the Subject Premises.

**9.** TIPSY TEQUILA AND TACO BAR is a restaurant and bar offering Mexican-inspired food, tequila, cocktails, and other alcoholic and non-alcoholic beverages to members of the general public in a dine-in and social setting. The establishment provides customers with the ability to enter the premises, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining and socializing. The Plaintiff appreciates the food and

beverage offerings and atmosphere provided at TIPSY TEQUILA AND TACO BAR. However, despite the Plaintiff's interest in patronizing the establishment, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**10.** Most recently on or about August 1, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled her to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**11.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**12.** Plaintiff has been denied full and equal access to the Subject Premises, preventing her from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to

meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** Most recently on or about August 1, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted her access to the property and its accommodations.

**19.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**20.** Plaintiff considers herself a foodie and regularly checks the New York Magazine and Eater. She heard this place had delicious breakfast options and reviewed the feedback online which was very positive.

**21.** Plaintiff regularly travels to Bayside to meet with a longtime friend and former co-worker who lives in the area, approximately a fifteen-minute drive from Plaintiff's home. Plaintiff

and her friend often meet in Bayside to socialize and catch up. Plaintiff selected the Subject Premises because of its positive online reviews, cozy atmosphere, spacious wrap-around bar, and because she wanted to have a drink with her friend and try its popular blackened shrimp tacos.

**22.** During her visit, Plaintiff personally encountered accessibility barriers, including difficulty independently accessing the entrance and the lack of an accessible lowered section of the wrap-around bar where she could comfortably sit, order a drink, and dine. Although an employee offered Plaintiff alternative table seating and a position at the end of the bar, Plaintiff could not comfortably use the bar because of its height. Plaintiff intends to return to the Subject Premises to have drinks and dine with her friend once an accessible portion of the bar is provided.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**23.** Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

**24.** Defendants, 40-18 BELL BLVD. REALTY CORP. and TRACKSIDE CORP., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**25.** Defendant, 40-18 BELL BLVD. REALTY CORP., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**26.** Defendant, TRACKSIDE CORP., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**27.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**28.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Entrances</u>**

**i. Inaccessible First Entrance**
The first of two entrances is inaccessible because an accessible route and accessible means of egress are not provided, an existing step at the entrance acts as a barrier to accessibility, and a required ramp is not provided, preventing Plaintiff and other wheelchair users from independently accessing and entering the establishment. This is a violation of ADAAG §§206, 206.1, 206.2, 206.2.1, 206.4, 207, 207.1, 402, 402.1, 402.2, 403.4, and 303.4. Providing a compliant accessible entrance and ramp is readily achievable.

**ii. Inaccessible Second Entrance**
The second of two entrances is inaccessible because the entrance door is kept locked, preventing Plaintiff and other wheelchair users from independently accessing and entering the establishment through the otherwise accessible entrance. This is a violation of ADAAG §§206, 206.1, 206.2, 206.2.1, 206.4, 402, 402.1, and 402.2. Maintaining the accessible entrance in an unlocked and usable condition during business hours is readily achievable.

**iii. Non-Compliant Maneuvering Clearances at Entrances**
The two entrances are inaccessible because the required minimum maneuvering clearances are not provided at the entrance doors and non-compliant changes in floor level exist within the required maneuvering clearances. Additionally, the second entrance door is recessed and does not provide the required maneuvering clearance for a recessed door, preventing Plaintiff and other wheelchair users from independently accessing and utilizing the entrances. This is a violation of ADAAG §§206, 206.1, 206.2.1, 206.4, 206.4.1, 404.2.4, 404.2.4.3, and 404.2.4.4. Providing compliant maneuvering clearances at the entrances is readily achievable.

**Dining Areas**

**iv. Inaccessible Dining Tables**
The existing dining tables are inaccessible because the minimum percentage of dining tables required to be accessible is not provided, a portion of the existing tables exceeds the maximum allowable height, and the required minimum knee and toe clearance is not provided at the existing dining tables, preventing Plaintiff and other wheelchair users from utilizing the dining tables. This is a violation of ADAAG §§226, 226.1, 902.2, 902.3, 306.2, and 306.3. Providing compliant accessible dining tables is readily achievable.

**v. Inaccessible Bar**
The bar is inaccessible because its height exceeds the maximum allowable height, the required minimum knee and toe clearance is not provided, and a required accessible portion of the bar is not provided, preventing Plaintiff and other wheelchair users from utilizing the bar. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 902.3, 306.2, and 306.3. Providing a compliant accessible portion of the bar is readily achievable.

**Restrooms**

**vi. Inaccessible Route and Maneuvering Clearance at First Restroom**
The first of two restrooms is inaccessible because a required accessible route to and from the restroom is not provided and the required minimum maneuvering clearance is not provided at the restroom door, preventing Plaintiff and other wheelchair users from independently accessing and utilizing the restroom. This is a violation of ADAAG §§206, 206.1, 402, 402.1, 402.2, and 404.2.4. Providing a compliant accessible route and maneuvering clearance is readily achievable.

**vii. Non-Compliant Door Swing at First Restroom**
The door to the first of two restrooms is inaccessible because it swings into the required

clear floor space of a restroom fixture, preventing Plaintiff and other wheelchair users from safely accessing and utilizing the restroom. This is a violation of ADAAG §§603, 603.1, and 603.2.3. Correcting the restroom door swing is readily achievable.

**viii. Insufficient Turning Space in First Restroom**
The first of two restrooms is inaccessible because the required minimum turning space is not provided, preventing Plaintiff and other wheelchair users from maneuvering within and utilizing the restroom. This is a violation of ADAAG §§603, 603.1, 603.2, 603.2.1, and 304.3.1. Providing compliant turning space is readily achievable.

**ix. Inaccessible Lavatory in First Restroom**
The lavatory in the first of two restrooms is inaccessible because its height exceeds the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the lavatory. This is a violation of ADAAG §§606, 606.1, and 606.3. Providing a compliant lavatory is readily achievable.

**x. Exposed Pipes Under Lavatories**
Insulation of the pipes and water supply lines beneath the lavatories in the two restrooms is not provided, creating a risk of injury to Plaintiff and other individuals with disabilities. This is a violation of ADAAG §606.5. Insulating or otherwise protecting the exposed pipes and water supply lines is readily achievable.

**xi. Inaccessible Paper Towel Shelf in First Restroom**
The shelf utilized to dispense paper towels in the first of two restrooms is inaccessible because its mounted height exceeds the maximum allowable height, preventing Plaintiff and other wheelchair users from independently accessing the paper towels. This is a violation of ADAAG §§603.4 and 308. Providing a compliant paper towel shelf is readily achievable.

**xii. Inaccessible Mirrors**
The mirrors in the two restrooms are inaccessible because the bottom edges of the reflecting surfaces exceed the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the mirrors. This is a violation of ADAAG §603.3. Providing compliant mirrors is readily achievable.

**xiii. Inaccessible Toilet Compartment Door**
The door to the toilet compartment in the first of two restrooms is inaccessible because the required minimum clear width and required minimum maneuvering clearance are not provided, preventing Plaintiff and other wheelchair users from independently accessing and entering the toilet compartment. This is a violation of ADAAG §§604.8, 604.8.1.2, 404.2.3, and 404.2.4. Providing a compliant toilet compartment door and maneuvering clearance is readily achievable.

**xiv. Self-Closing Toilet Compartment Door Not Provided**
The toilet compartment in the first of two restrooms is inaccessible because the compartment door is not self-closing as required. This is a violation of ADAAG §604.8.1.2.

Providing a compliant self-closing toilet compartment door is readily achievable.

**xv. Insufficient Toilet Compartment Space**
The toilet compartment in the first of two restrooms is inaccessible because the required minimum compartment space is not provided, preventing Plaintiff and other wheelchair users from maneuvering within and utilizing the toilet compartment. This is a violation of ADAAG §§604.8 and 604.8.1.1. Providing a compliant wheelchair-accessible toilet compartment is readily achievable.

**xvi. Inaccessible Water Closet in First Restroom**
The water closet located within the toilet compartment in the first of two restrooms is inaccessible because the required minimum clearance is not provided and the water closet is not positioned within the required distance from the side wall, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closet. This is a violation of ADAAG §§604.2, 604.3, and 604.3.1. Providing a compliant water closet and required clearances is readily achievable.

**xvii. Grab Bars Not Provided in First Restroom**
Required grab bars are not provided on the rear and side walls adjacent to the water closet in the toilet compartment in the first of two restrooms, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closet. This is a violation of ADAAG §§604.5 and 609. Providing compliant grab bars is readily achievable.

**xviii. Inaccessible Flush Control in First Restroom**
The flush control at the water closet in the toilet compartment in the first of two restrooms is inaccessible because it is located on the closed side of the water closet rather than the open transfer side, preventing Plaintiff and other wheelchair users from independently operating the flush control. This is a violation of ADAAG §604.6. Providing a compliant flush control on the open side of the water closet is readily achievable.

**<u>Second Restroom</u>**

**xix. Non-Compliant Rear Grab Bar in Second Restroom**
The rear wall grab bar at the water closet in the second of two restrooms is inaccessible because it does not meet the required minimum size and is not positioned as required in relation to the centerline of the water closet, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closet. This is a violation of ADAAG §604.5.2. Providing a properly sized and positioned rear wall grab bar is readily achievable.

**xx. Inaccessible Coat Hook in Second Restroom**
The coat hook in the second of two restrooms is inaccessible because its mounted height exceeds the maximum allowable reach range, preventing Plaintiff and other wheelchair users from independently utilizing the coat hook. This is a violation of ADAAG §§604.8.3 and 308. Providing a compliant coat hook is readily achievable.

**29.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**30.** Plaintiff lives approximately a fifteen-minute drive from the Subject Premises and regularly travels to Bayside, where a longtime friend and former co-worker resides. Plaintiff frequently meets with her friend in the area to dine, socialize, and catch up. Plaintiff intends to return to the Subject Premises within the next six (6) months to dine, have drinks, and avail herself of the goods and services offered therein if the Subject Premises is made accessible to individuals with mobility disabilities.

**31.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**32.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**33.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**34.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily

accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**35.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff her reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com